THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00310-MR-DLH

ROBERT A. MULLINAX, Individually, )
as Executor of the Estate of Jack )
Junior Waugh, Deceased, )
            )
       Plaintiff, )
            )
  vs. )  **O R D E R**
            )
ADVANCE AUTO PARTS, INC., et al., )
            )
      Defendants. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion to Strike Defendant Covil Corporation's Motion for Summary Judgment [Doc. 356].

The Pretrial Order and Case Management Plan entered in this matter set a dispositive motion deadline of September 1, 2018. [Doc. 252]. Covil filed its Motion for Summary Judgment on September 4, 2018.[1] [Doc. 353].

The Plaintiff moves to strike the Motion for Summary Judgment filed by Defendant Covil Corporation ("Covil") as untimely. [Doc. 356]. Covil has

---

[1] Covil mistakenly filed only a brief in support of a motion for summary judgment on September 4, 2018, but docketed the brief as a motion for summary judgment. [Doc. 352]. After this error was pointed out by the Clerk's Office, Covil corrected its filing on September 5, 2018.

responded to the Plaintiff's Motion, arguing that because the Court's deadline of September 1st fell on a Saturday, and Monday was a federal holiday, its motion was timely filed on Tuesday, September 4th.  Doc. 358].

Rule 6 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he following rules [set forth in subsections (1) through (6)] apply in *computing any time period* specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a) (emphasis added). The Case Management Plan however, did not require the Defendant to compute a time period.  It clearly set a dispositive motions deadline of September 1, 2018.  Thus, Covil was required to file its dispositive motion on or before that date.

While Covil's motion was untimely, the Plaintiff has not shown that he has suffered any undue prejudice as a result of the late filing.  Moreover, the Court finds that defense counsel's misapprehension of the law constitutes excusable neglect justifying a brief, retroactive extension of the motions deadline.  See Fed. R. Civ. P. 6(b)(1)(B).  Accordingly, in the exercise of its discretion, the Court will deny the Plaintiff's Motion to Strike and will consider Covil's Motion for Summary Judgment on its merits.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Strike Defendant Covil Corporation's Motion for Summary Judgment [Doc. 356] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 11, 2018

Martin Reidinger
United States District Judge